IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARCUS CHOICE WILLIAMS,
Petitioner,

v.

Case No. 20–CV–01101–JPG

DAN SPROUL,
Respondent.

## MEMORANDUM OPINION ORDER

Before the Court is Petitioner Marcus Choice Williams' Petition for Writ of Habeas Corpus. (ECF No. 1). Williams is transgender and identifies as a female. She is a federal prisoner currently incarcerated at the U.S. Penitentiary in Marion, Illinois ("USP Marion"), within this District. She brings this collateral attack under 28 U.S.C. § 2241 to challenge the execution of her sentence.

When an inmate petitions for a writ of habeas corpus, the district judge "must promptly examine it." Rules Governing Section 2254 & 2255 Cases 4. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.*

Williams states that in 2018, while an inmate at Federal Correctional Institute Beaumont in Texas, a prison official "attempted to issue Petitioner male boxers to wear, but she refused to accept them and asked for the officer to have the prison's clothing room issue the undergarments that all transgender inmates wear." (Petition at 12). The next week, she "was issued an Incident Report for prohibited act Code 203; Threatening Another With Bodily Harm, for allegedly

shouting derogatory expletives at" the prison official. A disciplinary hearing officer ("DHO") found her guilty and revoked 27 days of good-time credit. (*Id.*). After exhausting her administrative remedies, she launched this post-conviction proceeding against Respondent Dan Sproul, the warden of USP Marion. (*Id.* at 1).

Williams' Petition presents four questions. *First*, Williams argues that the DHO's disciplinary decision was not supported by "some evidence." She states that the Incident Report "is devoid of any evidence or indication that [she] made the comments in question." (*Id.*). The applicable standard for this type of claim "is whether there is any evidence in the record that could support the conclusions reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 454 (1985). Based on the representations in Williams' Petition, the Court cannot say that she is plainly not entitled to relief—she contends that the decision was not based on *any* evidence. This claim therefore survives preliminary review.

*Second*, Williams contends that the DHO erred by not applying the heightened "greater weight" standard. When presented with conflicting evidence, DHOs are required to base their disciplinary decision "on the greater weight of the evidence"—as opposed to the lesser "some evidence" standard just described. *See* 28 C.F.R. § 541.7(e). Williams contends that the DHO should have applied the "greater weight" standard, though she admits that she did not actually present any conflicting evidence. Rather, she states that she was *prevented* from presenting conflicting evidence because the "Staff Representative appointed to [her] refused to identify and locate other inmates." (Petition at 10). This problem, she says, was worsened because she was housed in the prison's Special Housing Unit, "where the inmate is locked in her cell 24 hours a day and rarely if ever sees another prisoner's face." (*Id.* at 10–11). Based on these allegations, this argument plainly does not entitle Williams to relief, as the DHO did not have to apply a heightened

evidentiary standard absent any conflicting evidence.

*Third*, Williams asserts that the DHO violated her right to due process by holding the disciplinary hearing without (1) appointing her a new staff representative and (2) permitting her to present witnesses. Inmates "are entitled to have a staff representative during the DHO hearing process." 28 C.F.R. § 541.8(d). "The staff representative may" assist the inmate "by speaking with and scheduling witnesses, obtaining written statements, and otherwise helping [her] prepare evidence for presentation at the DHO's hearing." *Id.* § 541.8(d)(2). If the staff representative is unavailable "for the scheduled hearing, [the inmate] may either select another staff representative, request the hearing be postponed for a reasonable amount of time until [her] staff representative can appear, or proceed without a staff representative." *Id.* § 541.8(d)(3). Here, Williams contends that her staff representative refused to investigate on her behalf at all; and the DHO refused to continue the hearing to afford her more time to investigate on her own. (Petition at 11). She also states that the staff representative falsely informed the DHO "that Petitioner did not intend or want to call witnesses on her behalf," which Williams later disputed to the DHO (to no avail) "because it did not accurately reflect her requests and wishes." (*Id.* at 11–12). This claim, too, survives preliminary review; Williams may have a right to relief under the Due Process Clause of the Fifth Amendment.

*Finally*, Williams argues that the DHO erred by not inquiring into her mental competency. "If evidence indicates that [an inmate] cannot understand the nature of the disciplinary proceedings, or cannot help in [her] defense, disciplinary proceedings may be postponed until [she is] competent to participate." 28 U.S.C. § 541.6(a). The DHO "will make this decision based on evidence, including evidence presented by mental health staff." *Id.* § 541.6(b). In this case, Williams suggests that she suffers from gender dysmorphia and general mental instability due to

extended time spent in solitary confinement. (Petition at 13–19). At this preliminary stage, it is unclear what evidence, if any, was presented to the DHO about Williams' competency. That said, the Court cannot say that Williams is plainly not entitled to relief; so this claim will proceed as well.

### Disposition

**IT IS HEREBY ORDERED** that Respondent Dan Sproul must answer or otherwise plead—consistent with this Order—by January 19, 2021. This Order does not preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, will constitute sufficient service.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Williams is **ADVISED** of her continuing obligation to keep the Clerk (and the respondent) informed of any change in her whereabouts throughout this action. This notification must be done in writing and no later than seven days after a transfer or other change in address occurs. Failure to provide such notice may lead to dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**Dated: Friday, November 20, 2020**

> **S/J. Phil Gilbert**
> **J. PHIL GILBERT**
> **UNITED STATES DISTRICT JUDGE**