IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARCUS CHOICE WILLIAMS,
Plaintiff,

v.

Case No. 20–CV–01101–JPG

DAN SPROUL,
Defendant.

# ORDER

Before the Court are Petitioner Marcus Choice Williams's Motion for Reconsideration, (ECF No. 17), and motions for copies, (ECF Nos. 10, 12, 18).

### I. Motion for Reconsideration.

Williams petitioned for a writ of habeas corpus in October 2020. (ECF No. 1). She is serving a prison sentence set to end in 2035. *See Find an Inmate*, Federal Bureau of Prisons, www.bop.gov/inmateloc/. The Court promptly reviewed Williams's claim for 27 days of lost good-time credit, found that it is not frivolous, and ordered the Government to respond by January 19, 2021. (ECF No. 5).

On January 13, the Government moved for an extension of time to respond. (ECF No. 9). Because of a lapse by the Court, however, the motion was not granted until March 2. (ECF No. 16). In the meantime, the Government responded on February 19. (ECF No. 11). The Court was alerted to the Government's motion on March 1 when Williams moved for a default judgment. (ECF No. 14). So on March 2, the Court granted the Government's motion by accepting the response and giving Williams sixty days to reply. (ECF No. 16). Now, Williams asks for reconsideration because she perceives the Court as assisting the Government. (ECF No. 17).

A motion for reconsideration "may be granted only if the movant can 'demonstrate a manifest error of law or fact or present newly discovered evidence.'" *See Ohr v. Latino Express, Inc.*, 776 F.3d 469, 478 (7th Cir. 2015) (quoting *Anderson v. Catholic Bishops of Chi.*, 759 F.3d 645, 653 (7th Cir. 2014)).

Reconsideration is inappropriate here because the Court's procedural oversight did not affect Williams's substantial rights. No doubt, Williams is entitled to a speedy resolution of her petition. Even so, the Court's error did not prejudice her: She seeks 27 days of revoked good-time credit when she has decades left on her sentence. She also still has another three weeks—until May 3—to file a reply brief. If she needs more time, then the Court can accommodate that. In short, the Court's error was harmless and does not warrant a default judgment, especially given that the Government's request for an extension of time was timely.

## II.     Motions for Copies.

Williams says that she did not receive these items in the record:

1. Williams's Petition for Habeas Corpus, (ECF No. 1);
2. A template motion to proceed in forma pauperis, (ECF No. 2);
3. Williams's Motion for Extension of Time, (ECF No. 3);
4. A notice sent to the Government of Williams's Petition, (ECF No. 6);
5. The Government's Notice of Appearance, (ECF No. 7);
6. The Government's Return of Service, (ECF No. 8);
7. Williams's Motion to Copy, (ECF No. 10);
8. The Government's Response to Williams's Petition, (ECF No. 11); and
9. Williams's Motion for Extension of Time, (ECF No. 12).

(*See* ECF Nos. 10, 12, 18).

"A district court judge before whom a habeas petition is pending may order a district court clerk to provide copies of court documents at government expense to a habeas petitioner proceeding in forma pauperis." *Tyler v. Cartledge*, 684 Fed. App'x 77, 78 (4th Cir. 2014) (per curiam) (citing 28 U.S.C. § 2250). "However, provision of such copies is a matter of discretion with the district court before which the habeas petition is pending." *Id.*

Williams is requesting several documents that she filed herself—like her Petition, her Motion for Extension of Time, and one of her motions for copies. The Government should not have to pay to send Williams copies of these documents. In fact, Williams is not proceeding in forma pauperis—she payed the $5 filing fee. In other words, Williams can receive copies at her own expense. Moreover, most of the other requested documents—like the Return of Service—are not required for Williams to file a reply brief.

That said, Williams says in her latest filing that she moved to another facility and never received the Government's Response to her Petition. (ECF No. 18). The Court will therefore direct the Clerk of Court to send her a copy of the docket sheet, her Petition, and the Government's Response.

For these reasons, the Court:

- **DENIES** Williams's Motion for Reconsideration;

- **GRANTS IN PART & DENIES IN PART** Williams's motions for copies; and

- **DIRECTS** the Clerk of Court to send Williams a copy of the docket sheet, Doc. 1, and Doc. 11 to the address provided in Doc. 18.

**IT IS SO ORDERED.**
**Dated: Monday, April 12, 2021**

                S/J. Phil Gilbert
                J. PHIL GILBERT
                UNITED STATES DISTRICT JUDGE