IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARCUS CHOICE WILLIAMS,

    Petitioner,

        v.

DAN SPROUL,

    Respondent.

Case No. 20-cv-1101-JPG

## **MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Marcus Choice Williams's motion for free copies of various documents in this case[1] and a new copy of the docket sheet.

"A district court judge before whom a habeas petition is pending may order a district court clerk to provide copies of court documents at government expense to a habeas petitioner proceeding in forma pauperis." *Tyler v. Cartledge*, 684 Fed. App'x 77, 78 (4th Cir. 2014) (*per curiam*) (citing 28 U.S.C. § 2250). "However, provision of such copies is a matter of discretion with the district court before which the habeas petition is pending." *Id.* Litigants have no constitutional right to a complimentary copy of any document in their court files. *See United States v. Groce*, 838 F. Supp. 411, 413, 414 (E.D. Wis. 1993). Before providing copies free of charge, a district court may require the requestor to show: (1) that she has exhausted *all* other

---

[1] Those documents are:
1. The Clerk's standard order regarding the filing fee (Doc. 2);
2. Williams's motion for an extension of time (Doc. 3);
3. Notice of Williams's petition sent to the Warden's counsel (Doc. 6);
4. The Warden's counsel's notice of appearance (Doc. 7);
5. Williams's first motion for copies (Doc. 10);
6. The Warden's response to Williams's request for entry of default (Doc. 15);
7. Williams's motion to submit evidence (Doc. 26);
8. The Warden's response to that motion (Doc. 27); and
9. The Court's order granting that motion (Doc. 28).

means of access to her files, (2) that she is financially unable to secure access to her court files (*i.e.*, through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of a prisoner's trust account for the previous six-month period prior to filing), and (3) that the documents requested are necessary for some specific non-frivolous court action. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977); *Groce*, 838 F. Supp. at 413-14. These minimal requirements do not impose any substantial burden to financially unable litigants who desire their records be sent to them at government expense.

Williams has not shown that she is indigent, and she has not shown the documents are necessary for her to have for this case. The Court is awaiting Williams's reply in support of her habeas corpus petition under 28 U.S.C. § 2241, but with one exception, the free copies she seeks have no bearing on the substantive aspects of this case. All of the documents have already been sent to her once, and if she would like a second copy, she may purchase one at the standard Clerk's Office rate of $0.50 per page. The only exception is a legible copy of one of the Warden's exhibits—which was actually provided to the Court by Williams. That document is attached to the Warden's response to Williams's motion to submit it as newly discovered evidence (Doc. 27-1). Because that document is reasonably necessary for Williams to prepare her reply brief, the Court **DIRECTS** the Clerk of Court to send her a copy (Doc. 27-1). Other than that, Williams's motion for copies is **DENIED** (Doc. 29).

**IT IS SO ORDERED.**
**DATED: September 2, 2021**

                                                  s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**