IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARCUS CHOICE WILLIAMS,<br>Petitioner,<br><br>v.<br><br>DAN SPROUL,<br>Respondent. | Case No. 20–CV–01101–JPG |

**MEMORANDUM & ORDER**

This matter comes before the Court on Petitioner Marcus Choice Williams' a/k/a Ayana Satyagrahi Motion for Leave to File Newly Discovered Evidence (Doc. 36). This motion was filed on July 7, 2022. In this motion, petitioner has requested this Court consider a note from a nurse or medical professional that indicates "Inmate Williams" was suffering from a medical emergency in February 2019 whereby Petitioner "cut genital area with razor." (Doc. 36 at 3).

On July 5, 2022, this Court entered a Memorandum and Order (Doc. 34) denying Petitioner's motion pursuant to 28 U.S.C. § 2241. In that Memorandum and Order, the Court found that refusing a mental health competency is not a violation of the due process requirements inmates must receive as part of disciplinary proceedings. Again, the Court does not disagree that Petitioner suffers from gender dysmorphia. The mental distress for incarcerated individuals with gender dysmorphia suffer serious anxiety, depression, and other serious psychological issues is real and realized by this Court.

However, this Court's role is to determine whether Petitioner received due process during her disciplinary hearing regarding a violation – namely (1) written notice of the violation at least 24 hours before the hearing; (2) opportunity to call witnesses and present evidence; (3) written statement by the fact finder. *Jones v. Cross*, 637 F.3d 841 (7th Cir. 2011). These basic requirements were met for Petitioner's second hearing in front of the disciplinary hearing officer. While Petitioner requested

a witness to testify to her "state of mind" in the first hearing, there was no such request in the second hearing. Further, the Court found no mention of any mental health competency issues in written statement by the fact finder.

As such, the GRANTS Petitioner's motion for leave to file newly discovered evidence (Doc. 36). However, Doc. 36 does not change the Court's decision to deny motion pursuant to 28 U.S.C. § 2241.

**IT IS SO ORDERED.**
**Dated: July 7, 2022**

                                              **/s/  J. Phil Gilbert**
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**